UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ALAN D. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00004-HEA |
| | ) | |
| UNKNOWN TILLMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Alan D. Turner's motion for leave to amend his complaint (Docket No. 12) and motion to appoint counsel (Docket No. 13). For the reasons discussed below, the motion to amend will be denied in part and granted in part, and the motion to appoint counsel will be denied at this time.

### Motion to Amend

Plaintiff has filed a motion to amend his complaint pursuant to Fed. R. Civ. P. 15(a). (Docket No. 12). He seeks to add the City of Cape Girardeau as a defendant. (Docket No. 12-1 at 1). In support of this claim, plaintiff states that the Cape Girardeau Police Department trains its officers that when an officer "feel[s] the need to take a person down…it is noted and taught that the officer is to go or take out the legs first, before using any other force." (Docket No. 12-1 at 2). He states that it is also a policy that "all officers must wear a body cam while on duty." Plaintiff alleges that Officers Tillman and Davis "failed to go for the legs first in this incident," but instead struck him repeatedly in the face and head. He further alleges that the officers were not wearing body cameras, despite a policy that all officers must wear one while on duty.

To prevail on a claim against a municipality, a plaintiff must establish the municipality's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

To assert a claim of a deliberately indifferent failure to train, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017). To establish a policy claim, plaintiff must demonstrate the existence of an unconstitutional "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *See Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016).

The additional facts proposed by plaintiff fail to state a municipal liability claim against the City of Cape Girardeau. Regarding his failure to train allegation, plaintiff does not take issue with the training itself. That is, he acknowledges that police officers are trained to take out a person's legs first, before resorting to other force. He does not claim that this training is unconstitutional; rather, he alleges that Officers Tillman and Davis did not follow their training. This does not show the "pattern of similar constitutional violations by untrained employees" that is necessary to support a failure to train claim. Plaintiff's policy claim regarding the use of body cameras also fails, because plaintiff has not established that the City of Cape Girardeau's policy regarding such body cameras is unconstitutional. Moreover, the Court cannot infer the existence

of an unconstitutional policy or custom from the single occurrence that plaintiff has presented. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Plaintiff's proposed amendment to add the City of Cape Girardeau as a defendant fails to state a claim. Because allowing plaintiff to amend the complaint in such a manner would be futile, the motion must be denied to the extent that it seeks to add the city as a defendant. *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) ("[T]here is no absolute right to amend and a court may deny the motion based upon a finding of…futility"); *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) ("[T]here is no absolute right to amend and a finding of…futility of the amendment may be ground to deny a motion to amend"); and *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (stating that district court was justified in denying plaintiff's leave to amend because the "complaint, as amended, could not withstand a motion to dismiss").

Plaintiff's motion to amend also seeks to change the name of defendant Unknown Tillman to Nelson C. Tillman. (Docket No. 12-2 at 1). To the extent that he is seeking to correct defendant Tillman's name, the motion will be granted, and the Clerk of Court will be directed to change the name of Unknown Tillman to Nelson C. Tillman.

**Motion to Appoint Counsel**

Plaintiff has filed a second motion to appoint counsel. (Docket No. 13). The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the

court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint to add the City of Cape Girardeau as a defendant (Docket No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request to change the name of defendant Unknown Tillman to Nelson C. Tillman is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to change the name of defendant Unknown Tillman to Nelson C. Tillman.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 13) is **DENIED**.

Dated this 10th day of June 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE